NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DHARAM SINGH,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No.    17-71511

Agency No. A208-542-254

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2026[**]
San Francisco, California

Before: MURGUIA, Chief Judge, and McKEOWN and PAEZ, Circuit Judges.

Petitioner Dharam Singh is a native and citizen of India. He seeks review of

a Board of Immigration Appeals ("BIA") decision affirming the denial of his

application for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel previously granted Respondent's unopposed motion to
submit this case on the briefs and the record (Dkt. No. 56).

We have jurisdiction under 8 U.S.C. § 1252. We review factual determinations by the BIA, including credibility determinations and findings establishing eligibility for asylum, withholding of removal, and protection under CAT for substantial evidence. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). For a credibility determination, we review only "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons. Stated differently, we do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as most significant and did not otherwise mention." *Id.* at 1152–53 (citation modified) (citing *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). We deny the petition.

1. Substantial evidence supports the BIA's adverse credibility determination. In his application for relief, Singh stated that he had been harmed on three occasions by members of the Akali Dal Badal Party on account of his support of the rival Mann Party. Singh later testified at his merits hearing to three additional facts that he omitted in his application: (1) police pushed Singh's elderly parents to the ground when Singh attempted to file a report at the police station after the first violent incident; (2) Singh received threatening phone calls from the police before the incidents; and (3) opposing party members and police repeatedly went to Singh's parents' house asking for Singh after he left the country.

This Court has generally held that "omissions are less probative of credibility

2

than inconsistencies created by direct contradictions in evidence and testimony." *Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020) (quoting *Lai*, 773 F.3d at 971). "[T]he principal danger we associate with omissions are last-minute attempts to use new allegations to artificially enhance claims of persecution." *Id.* at 1068.

Here, Singh "volunteered new information at the merits hearing" regarding alleged persecution by local police "in an effort to buttress his claims through eleventh-hour testimony." *Id.* His omissions are probative of his credibility to the extent that they "bolster an earlier, and . . . weaker[] asylum application." *Id.* Because Singh's omissions support the agency's adverse credibility determination, we consider whether Singh gave a reasonable and plausible explanation for the omissions and whether the IJ properly addressed Singh's explanations. *Id.* at 1069 (citing *Zhi v. Holder*, 751 F.3d 1088, 1092–93 (9th Cir. 2014)). In those instances where Singh provided an explanation to the IJ regarding the omissions, the IJ appropriately found that Singh's explanations were neither reasonable nor plausible.

Although the BIA additionally found Singh's testimony as why he returned to the same police station after the second incident to be inconsistent, that finding is not supported by record. When asked why he returned to the police station after the second incident, Singh stated that he believed the new police supervisor might treat him differently. But when later asked why he would go to the police station if the police were threatening him over the phone before the incidents, Singh responded

3

that it was the station nearest to him. Singh could easily have interpreted the second question to pertain to the first incident. Singh was not provided with an opportunity to explain the purported inconsistency. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Therefore, the BIA erred in relying on this purported inconsistency.

Separately, the BIA also affirmed the IJ's implausibility determination. The IJ noted that Singh testified that he had "received threats from the police over the phone" and that "he and his parents were brutally mistreated by the police on the earlier occasion when they visited the police station." In light of this testimony, the IJ found Singh's belief that a new police supervisor would treat them differently to be "entirely implausible" and "further evidence of a lack of credibility." Because Singh does not challenge the IJ's and BIA's implausibility determination on appeal, he has not preserved it for review. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

"[C]redibility determinations are made—and must be reviewed—based on the 'totality of the circumstances and all relevant factors,' not a single factor." *Alam*, 11 F.4th at 1135. Although the BIA erred in relying on one inconsistency, this lone rejected finding is not enough to "gut" the BIA's determination here. *See Kumar*, 18 F.4th at 1156 (remanding to the BIA where "the several rejected findings . . . all

4

but gut[ted] the BIA's adverse credibility determination"). The adverse credibility determination is supported by substantial evidence.

2. The BIA concluded that absent credible testimony, Singh's asylum and withholding of removal claims failed. The BIA did not err in doing so. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (determining that absence of credible testimony alone supported denial of asylum and withholding claims); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (an adverse credibility finding may be dispositive as to asylum and withholding).

3. To be entitled to CAT relief, Singh must establish clear probability of torture with the acquiescence of a public official or other person acting in an official capacity. *See* 8 C.F.R. § 1208.18(a)(1). The BIA denied CAT relief because Singh did not point to any evidence, beyond his testimony, that shows it is more likely than not that he would be tortured if returned to India. Singh contends that the BIA and IJ failed to consider his documentary evidence.

"A CAT applicant may satisfy his burden with evidence of country conditions alone." *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010); *see also Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). "But when the petitioner's testimony is found not credible, to reverse the BIA's decision denying CAT protection, we would have to find that the reports alone compelled the conclusion that the petitioner is more likely than not to be tortured." *Shrestha v. Holder*, 590

F.3d 1034, 1048–49 (9th Cir. 2010) (cleaned up) (quoting *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006)).  Here, the country condition articles in the record contain evidence of arrests of supporters of the Mann Party.  But these articles by themselves do not compel the conclusion that Singh will more likely than not be tortured.  Therefore, the BIA's determination that Singh is not entitled to CAT protection is supported by substantial evidence.

**PETITION DENIED.**[1]

---

[1] The stay of removal (Dkt. No. 1) will dissolve upon the issuance of the mandate.